Debtor        Deborah Faye Chantarumporn

United States Bankruptcy Court for the        MIDDLE DISTRICT OF TENNESSEE          ☐ Check if this is an
                                                   [Bankruptcy district]                      amended plan

Case number: _____

# Chapter 13 Plan

Part 1: **Notices**

**To Debtor(s):** **This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.**

**To Creditors:** **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
|-----|----------|----------|----------|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

Part 2: **Plan Payments and Length of Plan**

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|------------------|------------------------|-----------------------|----------------------|-------------------|
| ☑ Debtor 1<br>☐ Debtor 2 | $3,400.00 | Monthly | 60 months | ☑ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from: |

Insert additional lines as needed.

**2.2 Income tax refunds.**
   *Check one.*
   ☑ Debtor(s) will retain any income tax refunds received during the plan term.

   ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

   ☐ Debtor(s) will treat income refunds as follows:
   _____
   _____

**2.3 Additional payments.**
   *Check one.*
   ☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $414,821.40.**

Part 3: **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of default.** Check one.

   ☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
   ☑ Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of

confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claim holder listed below the obligation to:

- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| Green Tree/Ditech Financial LLC | 702 Yorktown Court, Murfreesboro, TN | $1,127.00 (3) | Prepetition: $40,572.00 | 0.00% | Pro rata (6) |
| | | | Gap payments: $1,127.00 | | |
| | | | Last month in gap: May, 2019 | | |
| Liberty Heights Homeowner's Association - The debtor will sell the real estate within 365 days after entry of the Order confirming the plan. Creditor will be paid with the sale of the real estate. Stay relief is granted after 365 days from confirmation if no binding contract to purchase the real estate has been obtained. | Homeowners Association Fees - Farmington Subdivision 1016 Farmhouse Road, Lascassas, Tn | $0.00 | Prepetition: $0.00 | 0.00% | $0.00 |
| | | | Gap payments: | | |
| | | | Last month in gap: | | |

APPENDIX D

Chapter 13 Plan

Page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Case 3:19-bk-02388    Doc 2    Filed 04/15/19    Entered 04/15/19 11:20:04    Desc Main
Document      Page 2 of 7

| Debtor | Deborah Faye Chantarumporn | Case number | |
|---|---|---|---|

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| Ocwen Loan Servicing - The debtor will sell this real estate within 365 days after entry of the Order confirming the plan. Stay relef is granted after 365 days from confirmation if not binding contract to purchase the property has been obtained. | 911 Compton Road, Murfreesboro, TN | $0.00 | Prepetition: $0.00 <br><br> Gap payments: <br><br> Last month in gap: | 0.00% | $0.00 |
| Ocwen Loan Servicing (3) | 3503 Mountain Top Lane, Pigeon Forge, TN | $735.28 | Prepetition: $1,614.00 <br> Gap payments: $735.28 <br><br> Last month in gap: May, 2019 | 0.00% | Pro rata (6) |
| Shellpoint Mortgage Servicing - The debtor will sell this real estate within 365 days after entry of the Order confirming the plan. Stay relef is granted after 365 days from confirmation if not binding contract to purchase the property has been obtained. | 1016 Farmhouse Road, Lascassas, TN 37085 | $0.00 | Prepetition: $0.00 <br> Gap payments: <br><br> Last month in gap: | 0.00% | $0.00 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Case 3:19-bk-02388    Doc 2    Filed 04/15/19    Entered 04/15/19 11:20:04    Desc Main
Document     Page 3 of 7

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly payment on arrearage, if any |
|---|---|---|---|---|---|
| Ocwen Loan Servicing - Debt is disputed | 816 Phillips Road, Murfeesboro, TN | $0.00 | Prepetition: 0.00 | 0.00% | 0.00 |
| | | | Gap payments: 0.00 | | |
| | | | Last month in gap: 0.00 | | |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
     **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑    For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

     The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

     The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

     (a) payment of the underlying debt determined under nonbankruptcy law, or

     (b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

     If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| Allstar Towing (4) | $3,000.00 | 2003 Nissan Altima | $3,025.00 | $0.00 | $3,000.00 | 0.00% | $50.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**. *Check one.*
     ☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
     ☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**    **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $0.00. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $<u> </u>.

☑ The attorney for the debtor(s) shall receive available funds. **The attorney for the Debtor(s) shall be paid fees by application after order approving compensation to be paid by available funds class 5.**

**4.2 Domestic support obligations.**

     **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
     ☑    **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

     **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
     ☑    **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
     ☐    **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
     ☑    The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| IRS (7) | $952.00 |

*Insert additional claims as needed.*

**Part 5:**    **Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
     ☐    The sum of $<u> </u>
     ☑    <u>100.00</u> % of the total amount of these claims.
     ☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

**Part 6:**    **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 3:19-bk-02388    Doc 2    Filed 04/15/19    Entered 04/15/19 11:20:04    Desc Main
Document     Page 5 of 7

Eric and Shannon Levine    -  Rental monies paid direct to debtor

---

**Part 7:    Order of Distribution of Available Funds by Trustee**

---

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

*Insert additional lines as needed.*

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

*Insert additional lines as needed.*

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**

    1. Filing fee
    2. Notice fee
    3. Continuing mortgage claims
    4. Secured claim
    5. Attorney fee by application
    6. Arrears mortgage claims
    7. Unsecured priority claim
    8. General unsecured claims
    9. Post Petition claims allowed pursuant to 11 U.S.C. § 1305

*Insert additional lines as needed.*

---

**Part 8:    Vesting of Property of the Estate**

---

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date.**
*Check the appliable box:*
☐  plan confirmation.
☑  other:    Discharge

---

**Part 9:    Nonstandard Plan Provisions**

---

☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Post Petition claims allowed pursuant to 11 U.S.C.  § 1305 shall be paid in full but subordinate to the payment of unsecured claims as provided in paragraph 3 of the confirmation order.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Part 3.1 - Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

1.  Apply the payments received from the Trustee on preconfirmation arrearages only to such arrearages. For the purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments du under the underlying mortgage obligaion not specified in the allowed proof of claim. Monthly on going mortgage payments shall be paid by the trustee commencing wiht the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

2.  Treat the mortgage obligations current at confirmation such that future payments, if mad pursuant to the plan, shall not be subject to late fees, penalties or other charges.

3.  The trustee may adjust the post confirmation regular payments noted in Part 3.1 and payments to the plan in Part 2 in accordance with a Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1 upon filing a notice of such adjustment with the court and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The attorney for the Debtor(s) shall be paid $4,250.00 as follows <u>$225.00</u>per month with secured claim distributions. Debtor's Counsel moves the Court for an Order requiring disbursal of funds on hand with the Chapter 13 Trustee on the date of first disbursal after confirmation of the plan to pay the attorney fee claim to the extent those funds exceed the amount needed to pay ongoing domestic support obligations, adequate protection payments on secured claims, the filing fee, and trustee allowed commissions, and the first monthly payment to other creditors due under the plan . Debtor's Counsel requests a one time payment at confirmation of the plan equal to the amount of the allowed fee claim.

The Bank of New York, as Trustee for teh Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-HyB5, Mortgage Pass-Through Certificates, Series 2004-HYB5 (BNY Mellon) will be paid $250,000.00 at time of sell of 1016 FarmhouseRoad, Lascassad, TN 37805.

**Part 10: Signatures:**

X /s/ J. Robert Harlan _____   Date _____
   J. Robert Harlan
**Signature of Attorney for Debtor(s)**

X _____   Date _____
   Deborah Faye Chantarumporn

X _____   Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

Case 3:19-bk-02388  Doc 2  Filed 04/15/19  Entered 04/15/19 11:20:04  Desc Main
Document   Page 7 of 7